GEORGE A. PORTER AND OTHERS, RESPONDENTS, *v.* RICHARD PENN SMITH AND OTHERS, APPELLANTS.

*Review of a trial before a judge or referee — unless the case shows that it contains all the evidence bearing on a disputed finding of fact, the court will assume that there was evidence sufficient to sustain the finding — under the new Code no exception lies to a finding of fact, unless it be wholly unsupported by evidence — nor does any exception lie to a refusal to find a fact as requested.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

The plaintiffs were manufacturers of salt at Syracuse, and used for evaporation pea and dust coal for fuel. The defendants were dealers in pea and dust coal at the city of New York. April 25, 1879, the defendants agreed to deliver to plaintiffs 10,000 tons of pea and dust coal at divers times during the season of navigation then next ensuing. Defendants delivered under the contract 9,045 gross tons, on account of which plaintiffs advanced $13,588.57, which the referee finds overpaid the defendants $1,049 at the price per ton agreed upon, and upon this report a judgment was entered, from which the defendants appeal.

The court at General Term said: " The only remaining question

presented by the appellants is whether the finding of fact as to the price agreed upon is against the evidence. The case does not show that it contains all of the evidence, or all bearing upon the finding sought to be reviewed. When it does not so appear, this court will assume that the evidence was sufficient to sustain the findings of fact. (*Dalzell* v. *Raw*, 1 T. & C. [Addenda], 4; *Beard* v. *Yates*, Id., 21; *Perrine* v. *Hotchkiss*, 2 T. & C., 370; affirmed, 59 N. Y., 649; *Parsons* v. *Coburn*, 2 T. & C., 324, 329; *Higbie* v. *Heath*, 3 id., 783; *Howland* v. *Howland*, 20 Hun, 472; *Ballou* v. *Ballou*, Gen. Term, Fourth Dept., Oct., 1884.) It is apparent that an appellate court cannot intelligently consider a question of fact, unless all of the evidence bearing upon it is before the court, and where a question of fact is sought to be reviewed it should be stated in the case that it contains all of the evidence, or all bearing upon the questions of fact sought to be reviewed. Under the old Code it was held (*Perkins* v. *Hill*, 56 N. Y., 87), when exceptions were taken to findings of fact, the court would assume that all of the evidence tending to sustain them appeared in the case. Under the old Code exceptions could be taken to findings of fact, and were available, but not under the present Code. Under the present Code an exception to a finding of fact is unavailing, unless there is no evidence to sustain it, when it becomes a ruling of law, and an exception is available. (Code of Civil Pro., §§ 992, 993; *Mead* v. *Smith*, 3 N. Y. Civil Pro. R., 171; S. C., less fully reported, 28 Hun, 639; *Sickles* v. *Flanagan*, 79 N. Y., 224.) If requests to find facts are preferred, pursuant to section 1023, Code of Civil Procedure, and the court or referee refuses to make any finding whatever, an exception may be taken. (Code of Civil Pro., § 993.) But an exception to a finding of fact, or an exception to a refusal to find a fact as requested, is not authorized by the present Code. Whether error has been committed in this respect, is to be determined by this court upon the evidence and the requests to find facts. Whether a finding of fact is against the evidence, may be determined by this court without an exception. (*Mead* v. *Smith*, *supra.*)

" It is the duty of the appellant to present a case so made up and settled, that the error complained of be manifest, and not leave the court to indulge in presumptions to overthrow decisions."

It not appearing that an error was committed bv the referee, the judgment is affirmed, with costs.

*John L. King*, for the appellants.

*Waters & McLennan*, for the respondents.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.